51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Catherine T. TYTOR, Plaintiff/Appellant,
v.
The BOARD OF TRUSTEES OF LARAMIE SCHOOL DISTRICT NO. 2;
Ronald L. White, individually and in his official capacity
as Superintendent and James M. Benoit, individually, and in
his official capacity as Director of Special Services,
Defendants/Appellees.
 No. 93-8082.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1995.
 
 Before LOGAN and McKAY, Circuit Judges, and MATSCH,* Chief District Judge.
 ORDER AND JUDGMENT**
 MATSCH, Chief Judge.
 
 
 1
 Catherine T. Tytor was a speech and language teacher employed by Laramie School District No. 2 on annual contracts, beginning in September, 1988. She brought this action in the United States District Court for the District of Wyoming, claiming relief under 42 U.S.C. Sec. 1983, contending that she was denied a teaching contract for the 1992-93 school year because of a restriction on her activities in violation of her rights to freedom of speech and freedom of association protected by the First and Fourteenth Amendments of the United States Constitution. The district court granted the defendants' motion for summary judgment on this and other claims for relief under Wyoming law in a written order entered August 9, 1993. The plaintiff appeals only from the dismissal of the federal claim. More particularly, the appellant challenges the district court's determination that speech concerning the education of children with disabilities did not merit constitutional protection.
 
 
 2
 The district court made the following findings in its written order:
 
 
 3
 Plaintiff Catherine T. Tytor ("Tytor") was a speech and language teacher for Laramie County School District No. 2 from September 1988 through May 1991. She worked for one James Benoit ("Benoit"), Director of Special Services, who authored Tytor's written evaluations throughout this period. Dr. Casper Fernetti ("Fernetti") was the school psychologist. Both Tytor and Fernetti provided special education services to elementary school and high school children in the communities of Albin, Burns, Carpenter, and Pine Bluffs, Wyoming.
 
 
 4
 Starting in Tytor's second year of employment, Benoit directed Tytor to minimize her contact with Dr. Fernetti. Among other things, the restriction prohibited Tytor from sitting at her desk, located near Dr. Fernetti's, when Dr. Fernetti sat at his desk. Benoit's concerns in this regard centered around Tytor's strong personality and the negative manner in which co-workers perceived her interaction with Fernetti. Superintendent Ronald White had banned Tytor and Fernetti from travelling together. Ultimately, at the end of Tytor's third year, the school principals recommended to the Board of Trustees not to extend tenure to Tytor, and the Board of Trustee adopted that recommendation without discussion.
 
 
 5
 The appellant has not disputed the basic facts. In her brief, Tytor has cited record support for the additional factual statement that she consistently received favorable evaluations of her performance from Benoit, with the exception of his criticisms based on perceived failures to follow the directives concerning her avoidance of the school psychologist.
 
 
 6
 The district court acknowledged the correct standard for determining a motion for summary judgment and we now review the decision de novo. Conaway v. Smith, 853 F.2d 789, 792 (10th Cir.1988).
 
 
 7
 The review is made difficult by the failure of the plaintiff to present particular facts to support any determination that the school district or the individual defendants restrained her or retaliated against her with respect to speech on matters of public concern. This flaw in the plaintiff's case apparently results from a misapprehension concerning the scope of the protection granted by the First Amendment.
 
 
 8
 Appellant contends broadly that speech concerning the education of children with disabilities addresses a matter of public concern. The district court characterized Tytor's contention as a claim that the ban prevented her from speaking with the one person with whom communication was necessary for the performance of her job and the proper discharge of her public function. The record before us does not show any absolute bar to communication between the plaintiff and the psychologist. They were free to exchange memoranda, to communicate by telephone and to meet away from the school buildings after school hours. The defendant's stated objective was the avoidance of an appearance of collaboration because of some perception that Ms. Tytor and Dr. Fernetti were pursuing a "hidden agenda."
 
 
 9
 The vagueness of the policy and its purpose would give little support and comfort to the defendants if the plaintiff had made some specific showing that she spoke or sought to speak in any form or manner which warrants protection as a matter of public concern. The topic of education of students with disabilities is, generally speaking, of general interest to the public. This is not enough, however, for what the plaintiff actually desired to say on that topic must itself be of public concern. Connick v. Myers, 461 U.S. 138, 148 n. 8 (1982); Wilson v. City of Littleton, Colo., 732 F.2d 765, 769 (1984). Communications concerning the particular educational needs of individual students are not themselves matters of public interest. Indeed, professionalism dictates that the privacy interests of the pupil and her parents must be protected. Communication between the psychologist and the teacher concerning the students in their charge are matters of their job performance as professional employees of the district, not matters of general interest to the public. See Connick v. Myers, 461 U.S. at 147-49.
 
 
 10
 Certainly, the manner in which this school district was discharging its responsibilities for educating children with disabilities is an appropriate subject for public comment by those who have direct knowledge of it. There is nothing in the record to show that any such communication was prevented or made. It was incumbent upon the plaintiff to produce such evidence. That failure defeats her claim and it is not necessary to analyze the case further under the sequential process prescribed by this court in Powell v. Gallentine, 992 F.2d 1088, 1090 (10th Cir.1993).
 
 
 11
 Tytor has made a vague assertion that the defendants violated her First Amendment right to freedom of association. The United States Supreme Court has described two types of association protected by the Constitution.
 
 
 12
 In one line of decisions, the Court has concluded that choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme. In this respect, freedom of association receives protection as a fundamental element of personal liberty. In another set of decisions, the Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment--speech, assembly, petition for the redress of grievances, and the exercise of religion.
 
 
 13
 Roberts v. United States Jaycees, 468 U.S. 609, 617-18 (1984). Tytor has failed to present a case within either of these categories. She does not contend that she had any interest in an "intimate association" with Dr. Fernetti. Any right of "political association" involved in this case is indistinguishable from her right to free speech because the only "association" denied her was the ill-defined restriction on her contact with the school psychologist. There is no reason to separate speech and association under these circumstances where the same conduct is prohibited by state action.
 
 
 14
 The plaintiff's complaint refers to Article I, Secs. 20, 21 and 22 of the Wyoming Constitution as additional support for her claims for relief. She has not shown that the Wyoming Constitution provides any different protection for speech and association rights from those provided by federal law. Accordingly, there is no need for any analysis or discussion of these state constitutional limitations.
 
 Upon the foregoing, it is
 
 15
 ORDERED that the judgment of the district court is AFFIRMED.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable Richard P. Matsch, Chief United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470