**FELLOURIS**

**v.**

**UNITED STATES of America, Defendant.**

**No. 93 Civ. 6323 (CBM).**

United States District Court,
S.D. New York.

Sept. 23, 1993.

Memorandum Denying Reconsideration
Oct. 28, 1993.

---

Steven Fellouris, pro se.

## *OPINION*

MOTLEY, District Judge.

### *INTRODUCTION*

MOVANT, STEVEN FELLOURIS, along with two co-defendants, was indicted on August 16, 1985. The case was tried as to defendants JONATHON B. KOHAN and DANIEL LOWERY in a five-day trial starting on February 7, 1986. A bench warrant was issued with respect to Fellouris on September 5, 1985, whose whereabouts, at the time, were unknown.

Fellouris voluntarily returned to the United States and was arrested on October 23, 1991 upon his release from a 41 day stay in the hospital.

After the arrest, the court held its first pre-trial conference in this case on November 1, 1991. In orders dated November 1, 1991, December 16, 1991 and January 3, 1992, the court excluded all time from November 1, 1991 to March 20, 1992 from the time within which trial had to commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(F). Each time, defendant Fellouris' medical condition was cited as a basis for the exclusion, allowing the parties time to conduct medical examinations and obtain and consult medical records.

On March 20, 1992, Fellouris pleaded guilty to count two only of the indictment, bank fraud in violation of 18 U.S.C. §§ 1344 and 2. No medical evidence was presented. On June 26, 1992, this court sentenced Fellouris to five years in prison, the maximum term under the statute in effect at the time of the offense.

On October 26, 1992, Fellouris filed a motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. By order of the court, dated April 9, 1993, that motion was denied due the court's finding that Fellouris' condition had not significantly changed since his sentencing in June 1992.

Fellouris now claims, pursuant to 28 U.S.C. § 2255, that the court should vacate, set aside or correct his sentence.

The court determines that the motion should be denied, without hearing, for the reasons set forth below.

## DISCUSSION

Fellouris' § 2255 motion rests on the ground that he had ineffective assistance of counsel.

§ 2255 provides in part,

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that,

If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

■ To determine whether it is necessary to conduct a hearing on allegations made in support of a § 2255 motion, the court looks to the sufficiency of affidavits or other evidence proffered in support of those allegations. *United States v. Aiello,* 814 F.2d 109, 113 (2d Cir.1987); *Dalli v. United States,* 491 F.2d 758, 760 (2d Cir.1974). Fellouris' signed memorandum of law and fact serve as his affidavit. Affidavits are sufficient to grant a hearing if they proffer evidence, admissible at a hearing, which might entitle Movant to relief. *Dalli,* 491 F.2d at 760. However, allegations that are "insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or patently frivolous" do not warrant a hearing. *United States v. Malcolm,* 432 F.2d 809, 812 (2d Cir.1970).

### Ineffective Assistance of Counsel

In support of his claim of ineffective assistance of counsel, Movant alleges that counsel 1) failed to present a defense that counsel knew or should have known existed and 2) by stating that Fellouris had no defense to the charges against him, "induced" Movant to enter into a guilty plea.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, rehearing denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), the Supreme Court set forth the two-part standard for the assertion of a claim of ineffective assistance of counsel.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors

were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. at 2064; *accord U.S. v. Eisen,* 974 F.2d 246, 265 (2nd Cir.1992).

The Court noted that if an insufficient showing is made on either component of the *Strickland* test, the other need not be addressed. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069. In addition, the Court held that the defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id* at 689, 104 S.Ct. at 2065. The Court more recently emphasized its position, stating that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison,* 477 U.S. 365, 374, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986).

1) *Failure to Raise a Defense Counsel Knew or Should Have Known Existed*

■ Entailed in counsel's basic duty to assist the defendant are counsel's duties "... to advocate the defendant's cause ..." and "... to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065. Failure to raise an existing defense would clearly fall within the realm of counsel's basic duties.

■ In asserting his claim that counsel failed to present a defense available to him as disclosed by his co-defendants' appeals of their own convictions, Movant relies on the Second Circuit's decision in *U.S. v. Kohan,* 806 F.2d 18 (2d Cir.1986), which discusses his co-defendants' defenses and evidentiary rulings made as to them. In *Kohan,* co-defendants Kohan and Lowery appealed judgments of conviction entered in this court following a joint five-day trial. *Id.* at 19. The Second Circuit reversed and remanded the case for a new trial on evidentiary grounds relating to the state of mind of the co-defendant Lowery which the trial court had excluded, and the conspiracy theory of the co-defendant Kohan relating to the check owner and a loan allegedly made by Movant to the check owner. *Id.* at 22, 24. Movant claims he was entitled to a defense unbeknownst to him but known to his counsel, the court, and the Government, and that his counsel was ineffective due to a failure to raise this defense.

Fellouris, who was a co-defendant to the charges of conspiracy to commit bank fraud and bank fraud, "... was a fugitive at the time of trial...." *Id.* at 19. Fellouris was never tried for these crimes. Instead, upon his return to the United States, he pleaded guilty to the charge of bank fraud only as follows:

> I took two check[s] from Brook Fuel. I put in the amount ($143,500) and gave the checks to Dan Lowery so that he could deposit them and cash them. After he deducted his fee for doing so he gave me the remainder. It was somewhere around $130,000. The checks did not belong to me when I took them.

See attached Petition of Movant to Plead Guilty, p. 8.

Fellouris was represented by experienced, competent counsel, Cary A. Bricker, Associate Attorney, who was a member of the staff of the Federal Defender Services Unit of this court. There were no evidentiary rulings at issue on Fellouris' voir dire prior to his plea and no possible defense was disclosed. He was asked specifically whether he had given his lawyer all the facts. Petition, p. 3. He disclosed in his Petition that he is a High School graduate. Petition, p. 2. He additionally stated,

> I have given my attorney a full statement of all the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment (Information), and believe and feel that my attorney is fully informed as to all such matters. [ ] My attorney has since informed me, and has counseled and advised me, as to the nature and cause of every accusation against me, and as to any possible defenses I might have in this case.

Petition, pp. 3-4.

Movant has not met the first prong of the *Strickland* test. His counsel was not defi-

cient in the function of counsel guaranteed under the Sixth Amendment due to a failure to raise a stated defense. His counsel did not make any errors which rendered the proceedings unfair or suspect. Accordingly, Movant has failed to prove that he was subject to ineffective assistance of counsel on this ground.

### 2) *Movant was "Induced" to enter into a Guilty Plea*

The Supreme Court has held that "[w]here ... a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). A guilty plea cannot be attacked on the basis of inadequate legal advise unless counsel was not a reasonably competent attorney and the advice was outside the range of competence required of counsel in criminal cases. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Again, following the *Strickland* test, to successfully overcome a guilty plea the "... defendant must show that counsel's representation fell below an objective standard of reasonableness, as determined by the range of competence required of attorneys in criminal cases ... [and] [s]econd, 'defendant must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial.'" *Tate v. Wood*, 963 F.2d 20, 26 (2nd Cir.1992) (quoting *Hill v. Lockhart*, 474 U.S. at 58, 106 S.Ct. at 370).

Since Fellouris, according to the written and oral voir dire prior to plea, had no available defense, his counsel's advice to enter into a guilty plea was not unreasonable nor outside of "the range of competence" required of attorneys. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

Moreover, Movant took the oath in open court to tell the truth at the time of the court's voir dire of him before accepting his plea of guilty as required by Rule 11 of the Federal Rules of Criminal Procedure. He was warned by the court of the consequences of giving false answers. Petition, p. 5. Prior to pleading guilty, Movant read and signed his Petition. In addition, prior to his plea, in open court, on the record, Movant was again asked each question which he answered in his Petition. He was questioned, in open court, as to whether he was, in fact, guilty; whether he understood the charges against him; whether he understood he was giving up any defense which he may have had; whether he discussed any possible defense with his attorney before pleading guilty; and whether his counsel advised him of the possible results of his entering into a guilty plea. Again, Movant has failed to show any deficiency in his attorney's conduct.

### CONCLUSION

Movant Fellouris has failed to state any claims of incompetence on the part of his attorney that are supported by sufficient allegations or that entitle him to relief. The court finds that the allegations of incompetence, raised by Movant, are patently frivolous. Accordingly, the § 2255 motion to vacate, set aside or correct the sentence is denied, without hearing.

SO ORDERED.

## ATTACHMENT

### IN THE UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, :

 Plaintiff, :

 -against- : NO. 85 CR. 771

 : PETITION TO ENTER

 STEVEN FELLOURIS Defendant. : PLEA OF GUILTY

 : (Fed. R. Cr. P.
 Rules 10 and 11)

 The defendant above named respectfully petitions the court to permit him to withdraw his previously entered plea of "Not Guilty" to Count(s) 1 + 2

of Indictment (Information) 85 Cr. 771 and to plead "GUILTY" at this time to Count(s) 2 only

 In support of this petition, petitioner represents to the Court as follows:

 1. My full true name is:
 Stamatis Fellouris

■■■■

■■■■

I request that all proceedings against me be had in the name which I have declared to be my true name.

2. I am __SS__ years of age, having been born on __5/27/36__.

3. I was born in (City) ___Brooklyn, N.Y.___

4.

(a). I am able to read /✔/ and write /✔/ in the English Language.

(b). I am not able to read and write English and I require a _____ Interpreter.
(Name Language)

5.

(a). I have received the following education in the United States (check the highest level completed):

Grade School 1__ 2__ 3__ 4__ 5__ 6__ 7__ 8__

High School /✔/ (completed high school)

College /__/

Graduate School /__/

(b) If education received in foreign country, give details. _____

_____

_____

6. I am represented by counsel and the name of my attorney is _____Cary Bricker_____.

7.

(a). I have received a copy of the Indictment (Information) before being called upon to plead, and have read and discussed it with my attorney, and believe and feel that I understand every accusation made against me in this case.

(b). I understand, as stated below in my own words, that I am charged with the following in Count(s) ___2___

_____

_____

the Count(s) to which I am now offering to plead guilty:

Stealing two checks from Brook Fuel Oil Corporation and having someone else deposit them in bank and giving me most of the proceeds.

_____

8.

(a). I have given my attorney a full statement of all the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment (Information). and believe and feel that my attorney is fully informed as to all such matters.

(b). My attorney has since informed me, and has counseled and advised me, as to the nature and cause of every accusation against me, and as to any possible defenses I might have in this case.

9. My attorney has advised me that the punishment which the law provides is as follows:

(a). A maximum of __5__ years imprisonment.

(b). A mandatory minimum of __0__ years imprisonment.

(c). A maximum fine of $ __250,000__ .

(d). A minimum fine of $ __0__ .

(e). A mandatory special parole term of at least __0__ years following imprisonment for the offense charged in Counts __2__ _____ of the Indictment (Information) and a maximum possible parole period of _____ .

(f). A mandatory assessment of $50.00 for each count of the indictment.

[Fill in only those blanks which are applicable.]

10. My attorney has also advised me that probation may or may not be granted.

11. My attorney has advised me that if I plead "GUILTY" to more than one offense, the court may order the sentences to be served consecutively, one after another.

12. I understand that I may, if I so choose, plead "Not Guilty" to any offense charged against me, and that I may continue to plead "Not Guilty" if I have already so pleaded.

13. I understand that if I choose to plead "Not Guilty", I may proceed to trial at the time set by the Court. I further understand that the Constitution guarantees me:

(a) the right to a speedy and public trial by jury,

(b) the right to see, hear, and question all witnesses called by the Government against me;

(c) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor;

(d) the right to have the assistance of counsel in my defense at all stages of these proceedings as well as upon the trial; and

(e) the right not to be compelled to incriminate myself; that is, I understand that if I go to trial, I can remain silent and cannot be compelled to take the witness stand. I understand further that if I go to trial, whether with a jury or if I waive the jury and go to trial before the judge alone, the Government would have the burden of proving to the jury or the judge (in a non-jury trial) that I am guilty as charged in each count beyond a reasonable doubt.

14. I understand that, by pleading "GUILTY", I waive my right to a trial, and that there will be no further trial of any kind.

15. I understand that, if I plead "GUILTY", the court may ask me questions about the offense to which I am pleading "GUILTY". I also understand that if I answer these questions under oath, on the record, and in the presence of counsel, my answers, if false, may later be used against me in a prosecution for perjury or false statement. I understand also that, by pleading "GUILTY", I waive

(i.e. give up) my right against self-incrimination concerning the facts constituting the offense to which I am pleading "GUILTY".

16. I understand that, if I plead "GUILTY", the court may impose the same punishment as if I had pleaded "Not Guilty", stood trial, and had been convicted by a jury.

17. I further understand that if I plead "GUILTY", I waive any defenses I may have had and that I specifically waive any claims which I may have had based·upon any previous violations of my constitutional rights. I understand that if I continued to plead "Not Guilty", I would be entitled to have my attorney make any appropriate motions for the court's consideration based upon those violations.

18. I declare that no officer or agent of any branch of government (Federal, State or local), nor any other person has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "GUILTY". I hope to receive probation, but I am prepared to accept any punishment permitted by law which the court may see fit to impose.

19. I declare that I have not been <u>threatened</u> or <u>forced</u> in any way to plead guilty at this time or at any other time.

20. My decision to plead "GUILTY" arises out of discussions between me and my attorney, who advised me that if I

plead "GUILTY" to Count(s) _____ 2 _____

_____, the Government has agreed to the

following: _____ To dismiss Count I at the time of my sentence,

21. I understand that the court may accept or reject the terms of this agreement, or may defer its decision to accept or rejct the agreement until it has had an opportunity to consider the presentence report.

22. I believe and feel that my attorney has done all that anyone could do to counsel and assist me.

23. I have made this decision to plead "GUILTY" freely and voluntarily and as a result of my own reasoning processes.

24. I know that the court will not accept a plea of "GUILTY" from anyone who claims to be innocent and, with that in mind, and because I make no claim of innocence, I wish to plead "GUILTY" to Count(s) _____ 2 _____

---

* The terms of any plea agreement may, on request, be disclosed in camera.

108

25. The following is my own statement as to what occurred which shows that I am, in fact, guilty of each charge or charges to which I am now offering to plead "GUILTY".*

I took two check from Brook Fuel. I put in the amount ($143,500) and gave the checks to Dan Lowery so that he could deposit them and cash them. After he deducted his fee for doing so, he gave me the remainder. It was somewhere around $130,000. The checks did not belong to me when I took them.

* Defendant must set forth, in his own handwriting, or through an interpreter, his own statement as to each count with which he is charged. Use additional sheets if necessary and attach to this petition.

26. I declare that I offer my plea of "GUILTY" freely and voluntarily and of my own accord. I also declare tht my attorney has explained to me, and I feel and believe I understand, the statements set forth in the Indictment (Information), and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

27. I have read and discussed with my attorney the Indictment (Information) and further state that I wish the court to omit and consider as waived by me all reading of the Indictment (Information) in open court, and all further proceedings upon my arraignment, and to consider any undecided motions previously made by me as withdrawn.

28. I pray the court to enter now my plea of "GUILTY" as set forth above in paragraph 24 of this petition, in reliance upon my statements made in this petition.

29. Have you ever been subject to any psychiatric care or treatment? /__/ Yes /V/ No If yes, explain fully. _____

**110** 

30. Are you <u>presently</u> under the influence of any drug or alcohol? /✓/ Yes /‾‾/ No If yes, explain fully. _____

_Medication for cirrosis and related health problems_

Signed by me in open court in the presence of my attorney this __20__ Day of _____MARCH_____, 19 __92__ .

_Steven Fellows._
DEFENDANT

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for the defendant

_____Steven Fellowis_____ above named hereby

certifies as follows:

 (1) I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictment (Information) in this case;

 (2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

 (3) The plea of "GUILTY", as offered by the defendant in paragraph 24 of the foregoing petition, accords with my understanding of the facts as related to me by the defendant, and is consistent with my advice to the defendant;

 (4) In my opinion the defendant's waiver of all reading of the Indictment (Information) in open court, and of all further proceedings upon arraignment as provided in Rule 10, is voluntarily and understandingly made; and I recommend to the court that the waiver be accepted by the court;

 (5) In my opinion the plea of "GUILTY", as offered by the defendant in paragraph 24 of the foregoing petition, is voluntarily and understandingly made; and I recommend to the court that the plea of "GUILTY" be now accepted and entered on behalf of the defendant as requested in paragraph 24 of the foregoing petition.

 (6) I have read and understood and explained to the defendant all the provisions of Rule 11, Fed. R. Crim. P.

 Signed by me in open court in the presence of the defendant above named this ___20___ Day of ___MARCH_____, 19_92___ .

_____
Attorney for the Defendant

 O R D E R

Good cause appearing therefor from the foregoing petition of the defendant above named and the certificate of his counsel, and from all proceedings heretofore had in this case, IT IS ORDERED that the petition be granted and that the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this _20_ Day of _march 1992_.
19_____.

_Constance Baker ____

UNITED STATES DISTRICT JUDGE

---

## MEMORANDUM

### INTRODUCTION.

On March 20, 1992, MOVANT, STEVEN FELLOURIS, pled guilty to bank fraud in violation of 18 U.S.C. §§ 1344 and 2. On June 26, 1992, this court sentenced Fellouris to five years in prison, the maximum term under the statute in effect at the time of the offense.

On August 4, 1993, Fellouris, petitioned the court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. The court denied this motion in its Opinion dated September 23, 1993. (Copy attached).

Fellouris now moves for this court to reconsider its denial of his § 2255 motion adding that he was under the influence of a drug at the time of his plea. The instant motion to reconsider for ineffective assistance of counsel is denied for the reasons set forth below. Construed as a new motion under § 2255, the motion is denied for the same reasons.

## DISCUSSION.

In his motion for reconsideration, Fellouris presents the court with two reasons why it should grant his § 2255 motion; that he received ineffective assistance of counsel and that at the time he entered his guilty plea, he was under the influence of medication and, thus, not acting of his own free will. The court has already addressed Fellouris' claim that he was given ineffective assistance of counsel in its September 23 Opinion and will now address his second claim.

Fellouris claims that on March 20, 1992, the day that he pled guilty to bank fraud, he was under the influence of medication and, therefore, did not enter his guilty plea freely. However, the court questioned Fellouris, specifically, about whether he was under the influence of drugs in his written Petition To Plead Guilty which is set forth on page 10 of said Petition (copy attached) as follows:

30. Are you *presently* under the influence of any drug or alcohol? __X__ Yes ____ No If yes, explain fully.

(Fellouris' hand written response).

Medication for cirr[h]osis and related health problems. (Petition To Enter Plea of Guilty at 10.)

On his oral voir dire under Rule 11, Petitioner was asked once again by the court the same questions which he answered in writing with the assistance of competent counsel in his Petition To Enter Plea of Guilty. (See transcript of Plea).

The court then specifically inquired whether Fellouris' decision to enter such a guilty plea was made voluntarily and knowingly.

Q. Mr. Fellouris, is this your decision to plead guilty?

A. Yes, your Honor.

Q. And are you entering this plea freely and voluntarily?

A. Yes, your Honor.

Q. And as a result of your own reasoning processes?

A. Yes, your Honor.

Q. Do you feel that you have been well enough to understand this proceeding?

A. Yes.

Q. Do you feel that you've been well enough to arrive at a decision on your own as to whether you should plead guilty?

A. Yes, your Honor.

(R. at 12.)

This specific oral as well as written inquiry into the medications being taken by Movant Fellouris, plus the court's direct oral questions regarding his understanding of the proceeding and his reasoning processes, clearly demonstrate that Fellouris was given numerous opportunities, both written and oral, to disclose any circumstance that might affect his ability to knowingly plead guilty.

Accordingly, the motion for reconsideration is denied.