UNITED STATES of America, Appellee,

v.

Giuseppe GANCI, Salvatore Catalano, Joseph Lamberti, Salvatore Mazzurco, Giovanni Ligammari, Cesare Bonventre, Baldassare Amato, Onofrio Catalano, Vincenzo Randazzo, Pietro Alfano, Emanuele Palazzola, Samuel Evola, Vito Badalamenti, Faro Lupo, Giuseppe Trupiano, Giuseppe Vitale, Giuseppe Soresi, Lorenzo Devardo, Giovanni Cangialosi, Adriano Corti, Philip Salamone, Salvatore Salamone, Salvatore Greco, Rosario Dispenza, Franco Della Torre, Leonardo Greco, Olivero Tognoli, Phillip Matassa, Salvatore Miniati, Frank Castronovo, Gaetano Mazzara, Calogero Lauricella, Francesco Polizzi, Benito Zito, Filippo Casamento, Giuseppe Baldinucci, Vito Roberto Palazzolo, and Salvatore Lamberti, Defendants,

Gaetano Badalamenti, Defendant–Appellant.

No. 352, Docket 94–1118.

United States Court of Appeals, Second Circuit.

Argued Jan. 3, 1995.

Decided Feb. 7, 1995.

Lawrence H. Schoenbach, New York City, for defendant-appellant.

Andrew C. McCarthy, Asst. U.S. Atty., S.D.N.Y. New York (Alexandra Rebay, Asst. U.S. Atty., Mary Jo White, U.S. Atty., S.D.N.Y., of counsel), for appellee.

Before: WINTER, MAHONEY, and JACOBS, Circuit Judges.

PER CURIAM:

Gaetano Badalamenti appeals from the partial denial by ·Judge Leval of his motion for reduction of sentence pursuant to former Federal Rule of Criminal Procedure 35(a). Familiarity with our opinion in Badalamenti's direct appeal, *United States v. Casamento*, 887 F.2d 1141 (2d Cir.1989), *cert. denied*, 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990), is assumed.

Badalamenti was initially sentenced in 1987 to a term of fifteen years and a fine of $25,000 for violating 21 U.S.C. § 846 by conspiring to distribute narcotics, and to a term of forty-five years and a fine of $100,000 for violating 21 U.S.C. § 848 by conducting a continuing criminal enterprise ("CCE"). The district court initially imposed concurrent terms of imprisonment and cumulative fines, but in response to Badalamenti's motion, it amended the sentence on the conspiracy count to reflect that the $25,000 fine imposed would run concurrently with the $100,000 fine on the continuing criminal enterprise count. On appeal, Badalamenti contends that it violates the Double Jeopardy Clause to enter judgment and impose even a concurrent sentence on a Section 846 conviction where the defendant has also been convicted and sentenced for violating Section 848. In the alternative, Badalamenti contends that his sentence for violating Section 846 should be vacated even if the judgment of conviction is left standing.

■ Badalamenti's claim that his convictions for both narcotics conspiracy and CCE violate the Double Jeopardy Clause is meritless. *See Jeffers v. United States*, 432 U.S. 137, 153–54, 97 S.Ct. 2207, 2217–18, 53 L.Ed.2d 168 (1977) (plurality opinion).

However, it has been the practice in this Circuit, since at least the time Badalamenti was sentenced, to combine a Section 846 conviction into a Section 848 conviction for sentencing, rather than impose any sentence—even a concurrent sentence—under Section 846. Under this procedure, the Section 846 conviction remains intact, but, unless the Section 848 conviction is overturned, the Section 846 sentence is subsumed and the conviction has no collateral consequences. *See United States v. Lindsay*, 985 F.2d 666, 670–71 (2d Cir.) (vacating concurrent narcotics conspiracy sentence and remanding for resentencing after combining narcotics conspiracy count with CCE count), *cert. denied*, — U.S. —, 114 S.Ct. 103, 126 L.Ed.2d 70 (1993); *United States v. Benevento*, 836 F.2d 60, 73 (2d Cir.1987) (same), *cert. denied*, 486 U.S. 1043, 108 S.Ct. 2035, 100 L.Ed.2d 620 (1988); *United States v. Amen*, 831 F.2d 373, 383–84 (2d Cir.1987) (combining narcotics conspiracy conviction into CCE conviction for sentencing), *cert. denied*, 485 U.S. 1021, 108 S.Ct. 1573, 99 L.Ed.2d 889 (1988); *United States v. Aiello*, 771 F.2d 621, 632–34 (2d Cir.1985) (vacating sentence and remanding for purpose of combining narcotics conspiracy convictions into CCE conviction). We therefore vacate Badalamenti's sentence, but not his conviction, for violating Section 846.

Although it appears that our normal procedure in these circumstances is to remand for resentencing, such a remand would be an inefficient use of judicial resources. Badalamenti has received a sentence of forty-five years imprisonment on the CCE count, and our vacating of the Section 846 sentence is in no way cause for a reexamination of the CCE sentence. Because the vacating of the Section 846 sentence gives appellant all the relief to which he is entitled, a remand is thus unnecessary. We vacate the Section 846 sentence, we combine the convictions under Sections 846 and 848, and we mandate that the sentence under Section 846 imposed by the district court will be reinstated if and when the sentence under Section 848 is vacated and not reinstated at a level of severity greater than the sentence imposed under Section 846.

Affirmed in part, vacated in part.