**Persio Torres NUNEZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 92 Civ. 9477 (DNE).**

United States District Court, S.D. New York.

July 11, 1995.

---

Persio Torres Nunez, pro se.

## OPINION & ORDER

EDELSTEIN, District Judge:

Petitioner Persio Torres Nunez, *pro se,* brings this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.[1]

## BACKGROUND

On March 17, 1986, petitioner was indicted on five counts: (1) conspiracy to distribute and possess with intent to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. § 846; (2) operating a continuing criminal enterprise, in violation of 21 U.S.C. § 848; (3) distributing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(B); (4) participating in the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962(c); and (5) conspiring to violate federal racketeering laws, in violation of 18 U.S.C. § 1962(d).

1. In relevant part, § 2255 states:

   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

   *See also* Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 1 advisory committee's note (comparing § 2255 motion with writ of habeas corpus).

Prior to trial, the Government made a plea offer to petitioner, offering to drop all charges against petitioner if he would plead guilty to one count that carried a sentence of between zero and twenty years imprisonment. The Government contends that "[t]he Government communicated the Plea Offer both through Nunez's counsel and directly to Nunez in meetings attended by his counsel." (Government's Brief in Opposition to Nunez's § 2255 motion at 2.) Nunez contends that his attorney never informed him of the Government's plea offer. The parties agree, however, that Nunez never accepted the Government's offer.

After a jury trial, petitioner was convicted on all five counts. This Court sentenced Nunez to sixty years imprisonment on each of the first two counts, thirty years imprisonment and a lifetime term of supervised release on the third count, fifteen years imprisonment on the fourth count, and fifteen years imprisonment on the fifth count. This Court ordered that the sentences on the first two counts were to be served concurrently with each other and with the sentences on the third, fourth, and fifth counts. This court further ruled that the sentences on the third, fourth, and fifth counts were to be served consecutively to each other. In effect, then, this Court sentenced petitioner to three concurrent sixty-year terms of imprisonment.

Thereafter, petitioner appealed his convictions. On appeal, petitioner argued that this Court's sentence punished petitioner for exercising his right to a jury trial. Petitioner contended that "[b]y sentencing [him] to a minimum of 60 years imprisonment, after he had been offered 0 to 20 years by the Government, an inference arises that defendant was punished for exercising his Sixth Amendment right to a jury trial." (Petitioner's Appellate Brief at 13.) In an unpublished order, the Court of Appeals for the Second Circuit affirmed. *See United States v. Nunez*, No. 88–1346 (2d Cir. Feb. 5, 1991).

Petitioner now moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Petitioner contends that he is entitled to § 2255 relief because his trial counsel was ineffective. Petitioner claims that his trial counsel was ineffective because

counsel "failed to apprise petitioner that the government had offered to him 0 to 20 years if he plea [sic] guilty." (Petitioner's Brief at 2.) Pursuant to an order of this Court, the Government filed a memorandum responding to petitioner's claim.

On June 6, 1995, this Court ordered both petitioner and the Government to file, no later than June 23, 1995, affidavits regarding whether petitioner's trial counsel informed petitioner of the Government's plea offer. On June 12, 1995, the Government filed an affidavit from petitioner's trial counsel, which states that trial counsel advised petitioner of the Government's plea offer prior to trial. On June 21, 1995, this Court extended petitioner's time to file affidavits until July 6, 1995.

On June 15, 1995, petitioner filed a motion, requesting additional time in which to respond to the Government's memorandum in opposition to petitioner's motion. On July 5, 1995, petitioner filed two affidavits: one from petitioner and one from William C. Smith, a fellow inmate who aided petitioner in preparing his submission to this Court. On July 5, 1995, petitioner also filed several other papers: (1) a reply memorandum to the Government's memorandum; (2) a motion to amend petitioner's § 2255 motion; (3) a motion requesting that petitioner be provided, without cost, with transcripts of the proceedings against petitioner; (4) a motion for appointment of counsel; and (5) a motion for an evidentiary hearing.

## DISCUSSION

Before proceeding to petitioner's § 2255 claim, this Court will examine the five motions that petitioner recently has made. All but one of these motions is meritless.

First, petitioner moves to amend his § 2255 motion. In support of his motion to amend, petitioner cites Federal Rule of Civil Procedure 15(a), which states in relevant part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by writ-

ten consent of the adverse party; and leave shall be freely given when justice so requires.

Rule 15(a) governs amendments of pleadings and the instant action is a motion, which, of course, contains no pleadings. Nevertheless, this Court has discretion to permit petitioner to amend his § 2255 motion. Just as Rule 15(a) states that "leave shall be freely given when justice so requires," this Court finds that the interests of justice will be furthered by permitting petitioner to amend his § 2255 motion. Moreover, because petitioner's motion to amend fully explains the two claims that petitioner wishes to raise in the amended motion, this Court will deem petitioner's motion amended to assert these two claims. Thus, petitioner's § 2255 motion is deemed amended to assert the following two claims: (1) ineffective assistance of trial counsel for failure to argue that this Court's sentence was contrary to law because this Court sentenced petitioner under both 21 U.S.C. § 846 and 21 U.S.C. § 848; (2) ineffective assistance of appellate counsel for failure to argue that petitioner's sentence was contrary to law because this Court sentenced petitioner under both 21 U.S.C. § 846 and 21 U.S.C. § 848.

Second, petitioner moves for "an enlargement of time to respond to the Government's memorandum of law in opposition to petitioner's § 2255 motion." (Petitioner's Motion for Enlargement of Time at 1.) After making this motion, however, petitioner filed a reply memorandum to the Government's memorandum. Because petitioner has already filed his reply and because this Court has considered all of the arguments that petitioner raises in this reply, petitioner's motion for an extension of time is dismissed as moot.

Third, petitioner moves that he be provided, without cost, with transcripts of the criminal proceedings against him. In support of this motion, petitioner cites 28 U.S.C. § 2250, which states:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such

documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Although the Second Circuit has noted that other circuits have split on the issue of whether a petitioner needs to demonstrate a particularized need for a transcript before it will be provided without cost, the Second Circuit has not ruled on this issue. *See United States v. Henderson,* 524 F.2d 147, 151 (2d Cir.1975) (noting split in the circuits but declining to rule on issue), *cert. denied,* 424 U.S. 923, 96 S.Ct. 1133, 47 L.Ed.2d 332 (1976).

■ In the instant case, petitioner's motion is denied for two reasons. First, petitioner is only entitled to a free transcript if "an order has been made permitting the petitioner to prosecute the application in forma pauperis," and no such order has been made in the instant case. Second, petitioner has entirely failed to demonstrate any need for the transcripts. Petitioner claims that he is entitled to § 2255 relief because his trial counsel failed to inform him of the Government's plea offer. Because this offer was made outside of court, the transcripts would not contain information relevant to petitioner's motion. Thus, petitioner is not entitled to a free transcripts because the requested transcripts are irrelevant to petitioner's claim. Moreover, these transcripts are also irrelevant to petitioner's amended claims because these claims are predicated on facts that are not in dispute. Therefore, petitioner's § 2250 motion is denied.

■ Fourth, petitioner moves for appointment of counsel pursuant to 18 U.S.C. § 3006A, which states in relevant part:

> Whenever the United States magistrate ... or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2)(B). This Court finds that the interests of justice do not require that counsel be appointed to represent petitioner. Petitioner has fully and adequately explained his claims by submitting a brief in

support of the instant motion, a reply brief to the Government's brief, affidavits in support of his motion, and amended grounds on which he seeks relief. Moreover, in light of the fact that this motion has been fully briefed, this Court finds that the interests of justice would be best served by a prompt ruling on this motion. Therefore, petitioner's motion for appointment of counsel is denied.

■ Fifth, petitioner moves for an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts states:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

Further, a district court may deny a petitioner's § 2255 motion without a hearing "where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false, or patently frivolous." *United States v. Malcolm*, 432 F.2d 809, 812 (2d Cir.1970) (citations omitted); *Fellouris v. United States*, 860 F.Supp. 97, 98 (S.D.N.Y. 1993) (same). In the instant case, this Court finds that an evidentiary hearing is not warranted. No hearing is warranted regarding petitioner's claim that trial counsel failed to advise petitioner of the Government's plea offer because the record is sufficient for this Court to decide this issue without a hearing. The record contains the affidavits that this Court directed both parties to submit, and this Court has also reviewed petitioner's appellate brief to the Second Circuit, which extensively discusses the Government's plea offer. Further, no evidentiary hearing is required because, as discussed below, this Court finds that petitioner's claim is palpably false. Likewise, no evidentiary hearing is required to rule on the two claims that have now been amended to petitioner's motion.

These claims both raise issues of law that are based on facts that are not in dispute. *See id.* (court may deny evidentiary hearing where claim is undisputed). Therefore, petitioner's motion for an evidentiary hearing is denied.

Having examined the five additional motions that petitioner has recently made, this Court now turns to the substance of petitioner's § 2255 motion. Petitioner seeks relief on three grounds: (1) trial counsel was ineffective for failing to inform petitioner of the Government's plea offer; (2) trial counsel was ineffective for failing to argue that petitioner's sentence was illegal; and (3) appellate counsel was ineffective for failing to argue that petitioner's sentence was illegal. Each of these claims is within the scope of § 2255 because each asserts that petitioner's sentence violates the Constitution of the United States. *See* 28 U.S.C. § 2255 (petitioner can bring § 2255 motion on ground that sentence violates Constitution of United States).

The Sixth Amendment to the Constitution guarantees a criminal defendant the right to counsel. As the Supreme Court has noted, "the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674, *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). The right to counsel protects a defendant's right to a fair trial because "access to counsel's skill and knowledge is necessary to accord defendants ... 'ample opportunity to meet the case of the prosecution.'" *Id.* at 685, 104 S.Ct. at 2063 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275–76, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942)). Because counsel plays such a crucial role, the Supreme Court has recognized that "'the right to counsel is the right to the effective assistance of counsel.'" *Id.* at 686, 104 S.Ct. at 2063 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970)). Thus, if a defendant's counsel fails to render adequate legal assistance, the defendant's Sixth Amendment rights are violated. *See id.* (cit-

ing *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980)).

The Supreme Court has established a two-part test for determining whether an attorney's representation constitutes ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient." *Id.* at 687, 104 S.Ct. at 2064. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* Although the *Strickland* test was formulated to determine whether trial counsel was ineffective, "the same test is used with respect to appellate counsel." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.) (citing *Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 2347, 124 L.Ed.2d 256 (1993); *Abdurrahman v. Henderson*, 897 F.2d 71, 74 (2d Cir.1990)), *cert. denied,* — U.S. —, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994).

To satisfy the first prong of the *Strickland* test, a defendant must show that "his attorney's performance 'fell below an objective standard of reasonableness.'" *See Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994) (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065). The Supreme Court has eschewed articulating a rigid set of standards for determining whether an attorney's conduct is reasonable, stating instead that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065.

The Supreme Court has, however, explained the method that a federal court should employ in determining whether an attorney's performance was reasonable. The Court has instructed that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). This presumption is necessary because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or ad-verse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689, 104 S.Ct. at 2065 (citation omitted). Further, to prevent a federal court from second-guessing counsel's actions, a court may not use hindsight in evaluating whether an attorney's conduct was reasonable. *See Id.* at 690, 104 S.Ct. at 2066; *Mayo*, 13 F.3d at 533 (citation omitted).

To satisfy the second prong of the *Strickland* test, a defendant must show that his attorney's deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant establishes prejudice by demonstrating that "there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Zackson*, 6 F.3d 911, 921 (2d Cir. 1993) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068); *see also Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir.1992).

### A. Plea Offer

Petitioner contends that trial counsel was ineffective for failing to inform petitioner that the Government made a plea offer to petitioner, offering to drop all charges against petitioner if he would plead guilty to one count that carried a sentence of between zero and twenty years imprisonment. The Government contends that petitioner is procedurally barred from raising this claim. The Government also asserts that petitioner's claim is meritless because trial counsel did, in fact, inform petitioner of the Government's plea offer.

In this circuit, it is well settled that a petitioner who has failed to raise a claim on direct appeal cannot raise that claim on a § 2255 motion unless he can demonstrate both cause for his procedural default and actual prejudice resulting from this default. *See Campino v. United States*, 968 F.2d 187, 189 (2nd Cir.1992). Although this procedural bar generally does not apply to a claim of ineffective assistance of counsel, a § 2255 petitioner who claims ineffective assistance of trial counsel will be subject to the procedural

bar if two conditions are met: (1) the petitioner was represented on appeal by a different counsel than the counsel who represented him at trial; (2) the record on appeal is fully developed on the ineffective-assistance issue. *See Billy–Eko v. United States,* 8 F.3d 111, 115 (2d Cir.1993).

■ In the instant case, this Court need not determine whether petitioner's claim is procedurally barred because his claim is meritless. Petitioner has failed to make an adequate evidentiary showing that his trial counsel failed to inform him of the Government's plea offer. " 'In seeking collaterally to attack their convictions under section 2255, defendants bear the burden of establishing by a preponderance of the evidence that they are entitled to relief.' " *Matista v. United States,* 885 F.Supp. 634, 639 (S.D.N.Y.1995) (quoting *United States v. DiCarlo,* 575 F.2d 952, 954 (1st Cir.1978)); *see also Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064 (stating that "*the defendant must show* that counsel's performance was deficient" and that "*the defendant must show* that the deficient performance prejudiced the defense") (emphasis added). In the instant case, petitioner has failed to establish by a preponderance of the evidence that trial counsel failed to inform petitioner of the Government's plea offer. The only evidence that petitioner submits in support of this claim is petitioner's own affidavit.[2] In opposition to petitioner's motion, the Government submitted an affidavit from petitioner's trial attorney, David E. Liebman, which states that on numerous occasions:

> I discussed with my client the fact that the Government was willing to allow him to plead guilty to one count of the indictment to resolve the case against him, that this plea would have carried a maximum sentence of twenty years, and that Mr. Nunez would be eligible for parole after serving approximately one third of his sentence. On each such occasion, Mr. Nunez insisted that he was innocent and that he did not wish to plead guilty to anything.

(Affidavit of David E. Liebman at ¶ 3, June 2, 1995.) The Government also represents that on May 19, 1995, Avraham C. Moskowitz, who prosecuted Nunez, stated "that he and other Government attorneys specifically communicated the pretrial offer directly to Nunez at meetings attended by Nunez and his counsel." (Affidavit of Roman E. Darmer II at ¶ 5, June 2, 1995.) Although the Government has not submitted an affidavit from Moskowitz, Liebman's affidavit corroborates the Government's representation that Moskowitz informed Nunez of the plea offer prior to trial. (*See* Affidavit of David E. Liebman at ¶ 4, June 2, 1995) ("During this meeting, Mr. Moskowitz also advised Mr. Nunez of the Government's plea offer.") Given the dearth of evidence that petitioner has submitted in support of his claim, petitioner has failed to meet his burden of establishing that his trial counsel acted unreasonably.

Petitioner's motion is also denied because this Court finds that his assertion that trial counsel failed to inform petitioner of the Government's plea offer is palpably false. A district court may deny a § 2255 motion without a hearing "where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false, or patently frivolous." *See United States v. Malcolm,* 432 F.2d 809, 812 (2d Cir.1970) (citations omitted); *Fellouris v. United States,* 860 F.Supp. 97, 98 (S.D.N.Y.1993) (same). Petitioner claims that he did not learn of the Government's plea offer prior to trial. His only evidence in support of this claim is his own self-serving affidavit. In contrast, the Government has submitted an affidavit from petitioner's trial counsel that states that trial counsel repeatedly informed petitioner of the Government's offer. This affidavit also states that the Government informed Nunez of the plea offer prior to trial. (*See* Affidavit of David E. Liebman at ¶ 4, June 2, 1995).

Further, when petitioner appealed his conviction to the Second Circuit, he challenged his sentence on the ground that it was disproportionate to the Government's plea offer. Petitioner did not, however, argue to the

---

**2.** Petitioner has also submitted an affidavit from William C. Smith, a fellow inmate who aided petitioner in preparing documents submitted to this Court. Because Mr. Smith has no personal knowledge of the instant case, Mr. Smith's affidavit is not evidence in support of petitioner's motion.

Second Circuit that trial counsel was ineffective for failing to inform petitioner of the plea offer. In fact, petitioner's appellate brief states: "[b]efore trial, the Government offered defendant a sentence of 0 to 20 years if he pled guilty." (Petitioner's Appellate Brief at 13.) In its brief in opposition to petitioner's § 2255 motion, the Government points out that petitioner's claimed ignorance of the Government's plea offer is contradictory to petitioner's appellate brief. (*See* Government's Brief at 8.) After the Government raised this point, however, petitioner submitted an affidavit to this Court that attempts to explain this contradiction. Petitioner's affidavit states:

> It was with receipt of the appeal brief that I first became aware of the Government Plea offer.
>
> . . . .
>
> [Appellate counsel] did not discuss any of the issues "he" selected for my appeal brief with me and, therefore, I was completely unware [sic] of the Government's plea offer until I received a copy of my appeal brief. . . .

(Persio Torres Nunez Affidavit at ¶¶ 4–5, July 1, 1995.)

Petitioner's recent revelation that appellate counsel submitted a brief that raises the plea-bargain issue without consulting petitioner savages credulity for two reasons. First, petitioner did not make this claim until after the Government pointed out that petitioner's argument in the instant motion contradicts petitioner's argument to the Second Circuit. Second, petitioner has not submitted an affidavit from his appellate counsel.

In view of the dearth of evidence in support of petitioner's claim and the glaring contradictions in petitioner's story, this Court finds that petitioner's claim is palpably false. Accordingly, petitioner's motion to vacate his sentence on the ground that he was denied effective assistance of counsel because trial counsel failed to inform him of the Government's plea offer is denied.

### B. Illegal Sentence

■ Finally, petitioner raises two closely related claims of ineffective assistance of counsel. Both of these claims are predicated on the argument that this Court erred in sentencing petitioner under both 21 U.S.C. § 846 (conspiracy to distribute cocaine and crack cocaine) and 21 U.S.C. § 848 (conducting a continuing criminal enterprise). This Court sentenced petitioner to sixty years imprisonment for violating 21 U.S.C. § 846, and sixty years imprisonment for violating 21 U.S.C. § 848. This Court ordered that these two sentences were to be served concurrently.

Petitioner states that under *United States v. Ganci,* 47 F.3d 72, 73 (2d Cir.1995) (*per curiam* ), this Court could not sentence petitioner under both § 846 and § 848, even if the sentences were to be served concurrently. The *Ganci* Court stated:

> it has been the practice in this Circuit . . . to combine a Section 846 conviction into a Section 848 conviction for sentencing, rather than impose any sentence—even a concurrent sentence—under Section 846. Under this procedure, the Section 846 conviction remains intact, but, unless the Section 848 conviction is overturned, the Section 846 sentenced is subsumed and the conviction has no collateral consequences.

*Id.* Because the only error that the district court made in *Ganci* was sentencing defendant under both § 846 and § 848, the Second Circuit vacated defendant's § 846 sentence and did not remand the case to the district court for further proceedings. *See id.* at 73–74. In vacating defendant's sentence, the *Ganci* court noted that it was not vacating defendant's conviction, and it further ordered that "the sentence under Section 846 imposed by the district court will be reinstated if and when the sentence under Section 848 is vacated and not reinstated at a level of severity greater than the sentence imposed under Section 846." *Id.* at 74.

Petitioner asserts that both trial counsel and appellate counsel were ineffective for failing to raise the *Ganci* argument. This Court need not determine whether either of these attorneys was ineffective, however, because petitioner has stated a valid claim under *Ganci.* Petitioner's claim fits squarely within the *Ganci* rule because he was sentenced under both 21 U.S.C. § 846 and 21

U.S.C. § 848. Accordingly, this Court finds that petitioner is entitled to a modification of his sentence.

This Court orders that petitioner's sentence for violating 21 U.S.C. § 846 is hereby vacated. It is further ordered that petitioner's sentence under Section 846 will be reinstated at the same level of severity as originally imposed if and when petitioner's sentence under Section 848 is vacated. It should be noted that petitioner's conviction under 21 U.S.C. § 846 is *not* vacated and that the instant ruling does not change in any way the sentences that this Court imposed on petitioner for violating 21 U.S.C. § 848, 21 U.S.C. § 841(b)(1)(B), 18 U.S.C. § 1962(c), or 18 U.S.C. § 1962(d).

### CONCLUSION

It is hereby ordered Petitioner's motion to amend his § 2255 motion is GRANTED and petitioner's § 2255 is deemed amended to include the claims raised in the motion to amend.

Petitioner's motion requesting additional time in which to respond to the Government's memorandum in opposition to petitioner's § 2255 motion is DISMISSED as moot.

Petitioner's motion that petitioner be provided with transcripts without cost is DENIED.

Petitioner's motion for appointment of counsel is DENIED.

Petitioner's motion for an evidentiary hearing is DENIED.

Petitioner's § 2255 motion to correct his sentence is DENIED, except that petitioner's § 2255 motion to vacate his sentence of 60 years for violating 21 U.S.C. § 846 is GRANTED, and petitioner's sentence for violating 21 U.S.C. § 846 is VACATED. It is further ordered that petitioner's sentence under Section 846 will be reinstated if and when his sentence under Section 848 is vacated, and it will be reinstated at the same level of severity as originally imposed—that is, 60 years imprisonment.

SO ORDERED.