101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Dandeny MUNOZ-MOSQUERA, also known as Dandenis
Munoz-Mosquera, also known as Dandenes Munoz-Mosquera, also
known as Luis Fernandez, also known as Hernandez-Hernandez,
also known as Esteban Restrepo Echavarria, also known as La
Quinca, also known as Luis Fernando, Defendant-Appellant.
 No. 95-1278.
 United States Court of Appeals, Second Circuit.
 May 9, 1996.
 
 APPEARING FOR APPELLANT:Richard Jasper, New York, New York.
 APPEARING FOR APPELLEE:David C. James, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York.
 E.D.N.Y.
 AFFIRMED IN PART, VACATED AND MODIFIED IN PART.
 Present: ELLSWORTH A. VAN GRAAFEILAND, J. DANIEL MAHONEY and DENNIS G. JACOBS, Circuit Judges.
 
 
 1
 Appeal from the United States District Court for the Eastern District of New York (Sterling Johnson, Judge ).
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED IN PART and VACATED AND MODIFIED IN PART.
 
 
 4
 1. Plaintiff-appellant Dandeny Munoz-Mosquera appeals from a judgment entered May 16, 1995 that convicted him of thirteen counts arising from his activities in connection with the Medellin drug cartel, including charges of conspiracy to import and distribute cocaine in violation of 21 U.S.C. §§ 963 and 846; substantive importation of cocaine in violation of 21 U.S.C. §§ 952(a) and 960(a)(1); participating and conspiring to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(c) and (d); engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a); various offenses relating to the bombing of a civilian airliner in violation of 18 U.S.C. §§ 32(b)(2), 32(b)(3), and 371; and the extraterritorial murder of two citizens of the United States in violation of 18 U.S.C. §§ 2332(a)(1) and 2332(b)(2). He was sentenced to ten consecutive terms of life imprisonment plus three consecutive terms of imprisonment totalling 540 months, consecutive terms of supervised release totalling 64 years, and special assessments in the amount of $650. See United States v. Munoz-Mosquera, No. 91 CR 1285(SJ), judgment at 1-3 (E.D.N.Y. May 5, 1995).
 
 
 5
 2. Munoz-Mosquera first argues that the district court abused its discretion by denying his request for appointment of an investigator pursuant to the Criminal Justice Act of 1964 as amended, 18 U.S.C. § 3006A(e)(1). We believe that the district court did not abuse its discretion in finding that an investigator was not necessary to Munoz-Mosquera's defense. See United States v. Oliver, 626 F.2d 254, 259-60 (2d Cir.1980). Munoz-Mosquera failed to meet his burden of showing that his own paralegal staff was incapable of carrying out the requisite investigatory work. Furthermore, most of the specific areas that Munoz-Mosquera claims that he was entitled to investigate involved documents and evidence that might not even have existed. Thus, the district court was within its discretion in concluding that the investigator was to be used merely to engage in a fishing expedition. See United States v. Durant, 545 F.2d 823, 826-27 (2d Cir.1976).
 
 
 6
 3. Munoz-Mosquera claims that the district court erred in admitting into evidence statements from members of the Medellin cartel that he deems inadmissible hearsay. Because Munoz-Mosquera failed to object to their admission at trial, we review the district court's admission of the statements for plain error. See Fed. R. Crim P. 52(b). We conclude that this evidence was properly admitted, primarily as statements by coconspirators during and in furtherance of the conspiracy. See Fed R. Evid. 801(d)(2)(E). We note that we will not ordinarily review challenges to the admission of evidence pursuant to Rule 801(d)(2)(E) unless the objection was raised at trial. See United States v. Mangan, 575 F.2d 32, 44 (2d Cir.) ("If objection had been taken, the Government might have been able to elicit further testimony ... showing that the statements were indeed" in furtherance of the conspiracy.), cert. denied, 439 U.S. 931 (1978). In any event, the challenged statements were in furtherance of the conspiracy, either because they related to Munoz-Mosquera's role in the conspiracy, see United States v. Roldan-Zapata, 916 F.2d 795, 803 (2d Cir.1990), cert. denied, 499 U.S. 940 (1991), conveyed information about the progress of the conspiracy, see United States v. Maldonado-Rivera, 922 F.2d 934, 959 (2d Cir.1990), cert. denied, 501 U.S. 1211, 1233 (1991), or furthered the conspiracy by warning against future defection, see United States v. Simmons, 923 F.2d 934, 945 (2d Cir.), cert. denied, 500 U.S. 919, 502 U.S. 943 (1991). In addition, some of the statements to which Munoz-Mosquera objects were admissible as his own admissions, see Fed.R.Evid. 801(d)(2)(A), or adoptive admissions, see Fed.R.Evid. 801(d)(2)(B), United States v. Aponte, 31 F.3d 86, 87 (2d Cir.1994).
 
 
 7
 4. The district court admitted, over Munoz-Mosquera's objection, two videotapes and testimony about a radio report concerning the bombing of a commercial airliner. Munoz-Mosquera argues that this evidence was inadmissible hearsay and unduly prejudicial, and that the videotapes were not properly authenticated. The visual images on the videotapes at issue were not "oral or written assertion[s] or ... nonverbal conduct of a person ... intended by the person as an assertion," Fed.R.Evid. 801(a), and were therefore not "statements" subject to the hearsay rules. The testimony about the radio report was not hearsay because it was not admitted for its truth, but rather to explain the progress of Special Agent Richard Hahn's investigation of the plane crash. Further, the district court was within its discretion in concluding that the probative value of this evidence was not substantially outweighed by prejudice. See Fed.R.Evid. 403. Finally, the authentication of the videotape was adequate, notwithstanding the government's failure to produce the photographer who generated it. See Kleveland v. United States, 345 F.2d 134, 137 (2d Cir.1965).
 
 
 8
 5. Munoz-Mosquera argues that the district court's admission of evidence concerning his attempt to escape from the Metropolitan Correctional Center in New York after his arrest was reversible error. This testimony, however, was direct evidence of one of the overt acts with which Munoz-Mosquera was charged by the grand jury in the fourth superseding indictment. Rule 404(b) of the Federal Rules of Evidence, upon which Munoz-Mosquera relies, only limits the use of evidence of uncharged acts. See United States v. Thai, 29 F.3d 785, 812 (2d Cir.), cert. denied, 115 S.Ct. 456, 496 (1994).
 
 
 9
 6. We also reject Munoz-Mosquera's argument that the district court erred by ruling that counsel should refer to the first trial as a "prior proceeding." Unlike in United States v. Giovanelli, 945 F.2d 479 (2d Cir.1991), upon which Munoz-Mosquera relies, it was not the case that "the crux of the defense ... would be that key government witnesses ... had subtly refined their testimony at the various trials and proceedings." Id. at 488. Where appropriate, a district court may prohibit direct references to prior trials. See United States v. Jones, 808 F.2d 561, 566-67 (7th Cir.1986), cert. denied, 481 U.S. 1006 (1987). The district court did not abuse its discretion in doing so in this case.
 
 
 10
 7. The district court imposed separate consecutive sentences on counts one, conspiracy to import cocaine in violation of 21 U.S.C. § 846, two, conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 963, and seven, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. However, counts one and two are lesser included offenses of count seven. Rutledge v. United States, 116 S.Ct. 1241, 1250 (1996); United States v. Ganci, 47 F.3d 72, 73-74 (2d Cir.1995) (per curiam). Therefore, the convictions on these three counts must be combined. See Rutledge, 116 S.Ct. at 1250; Ganci, 47 F.3d at 73-74. Accordingly, we vacate Munoz-Mosquera's sentences, but not his convictions, on counts one and two, combine the convictions on the three counts, and direct that the sentences on counts one and two shall be reinstated if the sentence on count seven is vacated and not reinstated at a level of severity greater than the sentence imposed under counts one and two. See Ganci, 47 F.3d at 74.