**David POWELL, Plaintiff–Appellee,**

v.

**Jerry L. GALLENTINE; Robert C. Martin; Maria Elvira Rodriguez; Richard C. Kauzlaric, Defendants–Appellants,**

**Western New Mexico University Board of Regents, Defendant.**

**No. 92–2185.**

United States Court of Appeals, Tenth Circuit.

May 3, 1993.

Anthony F. Avallone and Thomas R. Figart of Law Systems of Las Cruces, P.A., Las Cruces, NM, for plaintiff-appellee.

Frank N. Chavez and Mark S. Sweetman of Reeves, Chavez, Greenfield, Acosta & Walker, P.A., Las Cruces, NM, for defendants-appellants.

Before McKAY, Chief Judge, HOLLOWAY, and BARRETT, Circuit Judges.

McKAY, Chief Judge.

This action [1] arises out of the termination in 1991 of plaintiff David Powell from his tenured faculty position at Western New Mexico University. Dr. Powell, who was also the head of the Humanities Department at the time of his discharge, asserts that he was terminated by defendants in retribution for his publication in 1990 of allegations of grade fraud concerning a class taught that year by an adjunct professor under his supervision. Defendants assert that Dr. Powell was prop-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

erly terminated for insubordination for refusing to turn in the original grade book for the class in question. When asked for the grade book, Dr. Powell instead sent a notarized copy of it to the university president, defendant Jerry Gallentine, and offered President Gallentine the opportunity to examine the original in his attorney's office.

Defendants appeal from the district court's denial of their motion for summary judgment on the basis of qualified immunity on Dr. Powell's First Amendment claim. We exercise jurisdiction under 28 U.S.C. § 1291, *see Mitchell v. Forsyth*, 472 U.S. 511, 526, 530, 105 S.Ct. 2806, 2815, 2817, 86 L.Ed.2d 411 (1985); *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 644 (10th Cir. 1988), and affirm.

■ Our review of the denial of qualified immunity is de novo. *Considine v. Board of County Comm'rs*, 910 F.2d 695, 702 (10th Cir.1990). We have previously set out the procedure for analyzing a claim of qualified immunity:

> First, the defendant must raise the defense of qualified immunity. Once the defendant has adequately raised the defense, the plaintiff must show that the law was clearly established when the alleged violation occurred and come forward with facts or allegations sufficient to show that the official violated the clearly established law. Then the defendant assumes the normal summary judgment burden of establishing that no material facts that would defeat his claim for qualified immunity remain in dispute. *Dixon v. Richer*, 922 F.2d 1456, 1460 (10th Cir.1991); *Powell v. Mikulecky*, 891 F.2d 1454, 1457 (10th Cir.1989).

*Woodward v. City of Worland*, 977 F.2d 1392, 1396–97 (10th Cir.1992).

Dr. Powell claims that defendants fired him in retribution for his constitutionally protected publication of allegations of grade fraud. It is settled "that a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." *Connick v. Myers*, 461 U.S. 138, 142, 103 S.Ct. 1684, 1687, 75 L.Ed.2d 708 (1983).

■ The court's inquiry in a First Amendment case covers four steps. *Melton v. City of Oklahoma City*, 879 F.2d 706, 713 (10th Cir.1989), *modified on other grounds*, 928 F.2d 920 (10th Cir.) (en banc), *cert. denied*, —— U.S. ——, 112 S.Ct. 296, 116 L.Ed.2d 241 (1991). First, the court must determine whether the "employee's speech touches upon a matter of public concern." *Id.* (citing *Connick*, 461 U.S. 138, 103 S.Ct. 1684). If the speech involved a matter of public concern, the court must then balance "the interests of the employee in making the statement against the public employer's interest in the effective and efficient fulfillment of its responsibilities to the public." *Id.* (citing *Pickering v. Board of Educ.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968)). These first two steps involve questions of law for the court. *Id.* Third, assuming the *Pickering* balancing test tipped in favor of the plaintiff, he or she must show that the protected speech was a "motivating factor" in the employer's detrimental employment decision. *Id.* (quoting *Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977)). Finally, "if plaintiff makes this showing, the burden shifts to the employer to show by a preponderance of evidence that it would have reached the same decision in the absence of the protected activity." *Id.* The third and fourth steps involve questions of fact for the jury. *Id.*

■ Since the law in general was clearly established at the time of the events in question here, the issue on appeal is whether defendants should reasonably have been on notice that Dr. Powell's speech in particular was protected and they could not prevail in the *Pickering* balancing of interests. We review de novo the district court's application of the *Pickering* balancing test, *Koch v. City of Hutchinson*, 847 F.2d 1436, 1441 (10th Cir.1988), *cert. denied*, 488 U.S. 909, 109 S.Ct. 262, 102 L.Ed.2d 250 (1988), and have therefore undertaken an independent review of the record to determine whether Dr. Powell's speech was constitutionally protected.

■ Dr. Powell's allegations of grade fraud, because they sought "to bring to light actual or potential wrongdoing or breach of

public trust" on the part of defendants, *Connick*, 461 U.S. at 148, 103 S.Ct. at 1690–91, clearly concern matters of public interest. Dr. Powell's "expression of potential wrongdoing did not address internal policies relevant only to department personnel nor involve essentially a private matter, but concerned information in which the public would definitely be interested." *Conaway v. Smith*, 853 F.2d 789, 796 (10th Cir.1988). We agree with the district court's conclusion that Dr. Powell is properly characterized as a whistle blower.

 Defendants contend that Dr. Powell's interest in speaking could not outweigh their interest in the efficient operation of the University because they believed his allegations were false. We disagree. On the record presented to the district court, whether defendants concluded at the time that Dr. Powell's allegations were false is irrelevant, *see Pickering*, 391 U.S. at 578–82, 88 S.Ct. at 1740–42, because even false allegations are entitled to First Amendment protection, unless they were knowingly or recklessly made. *Id.* at 574, 88 S.Ct. at 1737.

 Defendants also argue that the disruptive effect of Dr. Powell's allegations outweighs his interest in speaking. Again, we disagree. We have previously expressed our view that "[w]hen balancing the rights of the employee against those of the employer, an employee's First Amendment interest is entitled to greater weight where he is acting as a whistle blower in exposing government corruption." *Conaway*, 853 F.2d at 797. To prevail in the *Pickering* balancing, defendants must show "evidence of an actual disruption of [the University's] services resulting from the speech at issue." *Melton*, 879 F.2d at 716. The district court correctly concluded that defendants failed to make the required showing. Although the evidence shows that the members of the faculty and administration accused by Dr. Powell were offended by his accusation, defendants point to no evidence in the record of actual disruption of the University's services, and we find none. The district court correctly applied our rules stated in *Melton* and *Conaway* in balancing the interests here, as required by *Pickering*, and in finding the balance tipped in favor of Dr. Powell.

 Therefore, the district court correctly concluded that defendants failed to demonstrate their entitlement to summary judgment on the basis of qualified immunity as a matter of law and correctly denied defendants' motion for summary judgment on Dr. Powell's First Amendment claim.

The order of the United States District Court for the District of New Mexico denying summary judgment is AFFIRMED.