**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

CHARLES EDWIN NOTTINGHAM,

 Defendant-Appellant.

No. 96-5048
(D.C. No. 95-C-97-B)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

 Charles Edwin Nottingham appeals the district court's denial of 1) his amended motion and supplement to vacate, set aside, or correct his sentence

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pursuant to 28 U.S.C. § 2255, 2) his motion to allow discovery on his claims, and 3) his request for leave to further amend his § 2255 motion. He also contends the district court erred in failing to hold a hearing on his claims. We review the district court's legal conclusions de novo and its findings of fact under a clearly erroneous standard. See United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996). We review its decisions to deny discovery and leave to amend, and its failure to hold a hearing, for abuse of discretion. See Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996) (leave to amend); United States v. Davis, 60 F.3d 1479, 1483 (10th Cir. 1995) (hearing); Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988) (discovery).

After careful review of the record on appeal, together with the arguments of the parties and the applicable law, we conclude that the district court correctly ruled that petitioner's habeas claims are barred, either because they were ruled upon on in petitioner's direct appeal, United States v. Johnson, 4 F.3d 904 (10th Cir. 1993), or because petitioner failed to raise those claims on direct appeal. Further, we agree with the district court's rejection of petitioner's ineffective assistance of counsel claims and its ultimate conclusion that petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice necessary to allow appellate review of the otherwise barred claims. See Cox, 83 F.3d at 341. Therefore, for substantially the same reasons contained in the

-2-

district court's order dated January 17, 1996, the district court's judgment on petitioner's habeas claims, including his claims of ineffective assistance of trial counsel, is affirmed.

Petitioner also challenges the district court's denials of his requests for counsel, discovery, and a hearing. Because we conclude that the district court properly dismissed petitioner's substantive claims as barred, it did not abuse its discretion in denying these requests. Finally, petitioner contends that the district court erred in denying him leave to amend his § 2255 motion to add three claims. We agree with the district court that petitioner had ample opportunity to develop his habeas claims through prior amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). Further, after reviewing the proposed additional claims, we agree with appellee that these claims would also be barred. Therefore, amendment to include them would have been futile, see Hom, 81 F.3d at 973, and the district court did not abuse its discretion in denying petitioner leave to amend.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge

-3-