**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RICHARD BIVENS, a minor, by and
through his next friend and mother,
Susan Green,

Plaintiff-Appellant,

v.

ALBUQUERQUE PUBLIC
SCHOOLS; JACK BOBROFF,
Superintendent, Albuquerque Public
Schools; MARTHA BASS, Principal,
Del Norte High School; LINDA
LEFTON, Assistant Principal, Del
Norte High School; PATRICIA
LUNA, Albuquerque Public Schools
North Region Coordinator,

Defendants-Appellees.

No. 95-2203
(D.C. No. CIV-94-38-SC)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Richard Bivens appeals from the district court's grant of summary judgment to appellees, and from the court's denial of his motion for leave to amend his original complaint. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291; we affirm.

Appellant was suspended from a New Mexico high school for repeated violations of its dress code. He filed suit against appellees, originally asserting two issues: 1) violation of his first amendment rights of expression via his clothing, and 2) violation of due process. He also filed for injunctive relief, which was denied after a preliminary hearing. Appellees filed a motion to dismiss, and appellant responded. Over a year later, appellant sought to amend his complaint to add numerous claims based on state and federal law, and a request for money damages. Construing appellees' motion as one for summary judgment, the district court granted summary judgment to appellees on appellant's first amendment and due process claims, and denied appellant's request for leave to amend.

On appeal, appellant argues not only the issues decided by the district court, but all of the issues he seeks to present in his proposed amended complaint. We agree with appellees that these issues are not properly before us, and decline to address them. See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.), 951 F.2d 1175, 1182 (10th Cir. 1991) (stating appellate court will not consider issues not passed upon below).

Appellant argues that the district court erred in denying his motion for leave to amend. This court reviews the district court's decision to deny amendment only for abuse of discretion. See Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). Appellant states that he believes the new claims in his proposed amended complaint are viable causes of action, and argues that "time lapses should not be dispositive" of the court's decision to deny his leave to amend. Appellant's Br. at 9-10. "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . ." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citing cases). We agree with the district court that counsel's proffered explanations for his delay in filing for leave to amend do not justify that delay. Untimeliness supports a district court's denial of leave to amend "especially when the party filing the motion has no adequate explanation for the delay." Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (further quotation omitted). Further, because the new claims appellant

seeks to add are all based on conduct and evidence available to counsel upon his entry into this case, untimeliness is a proper basis for denial here. See Frank, 3 F.3d at 1366 (untimeliness will support a court's denial of leave to amend "where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint") (further quotation omitted). Accordingly, we conclude that the district court did not abuse its discretion in denying appellant's motion for leave to amend his complaint.

In his reply brief, appellant contends that the district court's denial of his motion to amend abrogated his right to discovery. As a rule, issues raised for the first time in a reply brief will not be considered. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 724 (10th Cir. 1993). Appellant's arguments on this point do not compel us to abandon that rule here.

The remaining issues preserved for appellate review are appellant's arguments challenging the district court's grant of summary judgment to appellees on appellant's first amendment and due process claims. After careful consideration of those arguments, appellees' response, and the record on appeal, we conclude that the district court correctly decided these issues. Therefore, for substantially the same reasons as contained in the district court's thorough and

well-reasoned Memorandum Opinion and Order, dated August 25, 1995, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge