131 F.3d 151
 97 CJ C.A.R. 3094
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard BIVENS, a minor, by and through his next friend and
mother, Susan Green, Plaintiff-Appellant,
v.
ALBUQUERQUE PUBLIC SCHOOLS; Jack Bobroff, Superintendent,
Albuquerque Public Schools; Martha Bass, Principal, Del
Norte High School; Linda Lefton, Assistant Principal, Del
Norte High School; Patricia Luna, Albuquerque Public
Schools North Region Coordinator, Defendants-Appellees.
 No. 95-2203.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1997.
 
 Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Richard Bivens appeals from the district court's grant of summary judgment to appellees, and from the court's denial of his motion for leave to amend his original complaint. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291; we affirm.
 
 
 4
 Appellant was suspended from a New Mexico high school for repeated violations of its dress code. He filed suit against appellees, originally asserting two issues: 1) violation of his first amendment rights of expression via his clothing, and 2) violation of due process. He also filed for injunctive relief, which was denied after a preliminary hearing. Appellees filed a motion to dismiss, and appellant responded. Over a year later, appellant sought to amend his complaint to add numerous claims based on state and federal law, and a request for money damages. Construing appellees' motion as one for summary judgment, the district court granted summary judgment to appellees on appellant's first amendment and due process claims, and denied appellant's request for leave to amend.
 
 
 5
 On appeal, appellant argues not only the issues decided by the district court, but all of the issues he seeks to present in his proposed amended complaint. We agree with appellees that these issues are not properly before us, and decline to address them. See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.), 951 F.2d 1175, 1182 (10th Cir.1991) (stating appellate court will not consider issues not passed upon below).
 
 
 6
 Appellant argues that the district court erred in denying his motion for leave to amend. This court reviews the district court's decision to deny amendment only for abuse of discretion. See Hom v. Squire, 81 F.3d 969, 973 (10th Cir.1996). Appellant states that he believes the new claims in his proposed amended complaint are viable causes of action, and argues that "time lapses should not be dispositive" of the court's decision to deny his leave to amend. Appellant's Br. at 9-10. "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend...." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.1993) (citing cases). We agree with the district court that counsel's proffered explanations for his delay in filing for leave to amend do not justify that delay. Untimeliness supports a district court's denial of leave to amend "especially when the party filing the motion has no adequate explanation for the delay." Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir.1994) (further quotation omitted). Further, because the new claims appellant seeks to add are all based on conduct and evidence available to counsel upon his entry into this case, untimeliness is a proper basis for denial here. See Frank, 3 F.3d at 1366 (untimeliness will support a court's denial of leave to amend "where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint") (further quotation omitted). Accordingly, we conclude that the district court did not abuse its discretion in denying appellant's motion for leave to amend his complaint.
 
 
 7
 In his reply brief, appellant contends that the district court's denial of his motion to amend abrogated his right to discovery. As a rule, issues raised for the first time in a reply brief will not be considered. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 724 (10th Cir.1993). Appellant's arguments on this point do not compel us to abandon that rule here.
 
 
 8
 The remaining issues preserved for appellate review are appellant's arguments challenging the district court's grant of summary judgment to appellees on appellant's first amendment and due process claims. After careful consideration of those arguments, appellees' response, and the record on appeal, we conclude that the district court correctly decided these issues. Therefore, for substantially the same reasons as contained in the district court's thorough and well-reasoned Memorandum Opinion and Order, dated August 25, 1995, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3