UNITED STATES of America, Plaintiff,

v.

**David Lynn JOHNSON, Defendant.**

**Nos. 92–40015–01, 97–3126–RDR.**

United States District Court,
D. Kansas.

Jan. 13, 1998.

Jeannine D. Herron, Topeka, KS, Michael M. Jackson, Topeka, KS, for Defendant.

David Lynn Johnson, Leavenworth, KS, pro se.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This matter is presently before the court upon the government's motion to reconsider. The court has conducted a hearing on this motion and is now prepared to rule.

The government seeks reconsideration of the court's order of September 17, 1997 in which the court held that the defendant had been improperly sentenced to a term of six years of supervised release. The court had concluded that the enhancement provisions of 21 U.S.C. § 841(b)(1)(C) should not have been applied because the government did not file an information setting forth the defendant's prior convictions as required by 21 U.S.C. § 851(a). The court's review of the file in the case revealed that no information concerning the defendant had been filed. In the motion to reconsider, the government contends that the court erred in reaching its conclusion because an information concerning the defendant had in fact been filed. As support for its motion, the government submitted a file-stamped copy of the information. The file stamp indicated that the information had been filed on June 19, 1992, prior to the trial as required by 21 U.S.C. § 851(a).

Prior to reaching the merits of the motion to reconsider, the court finds it necessary to consider two other matters: (1) defendant's motion for leave to file second amended application to set aside judgment and sentence pursuant to 28 U.S.C. § 2255; and (2) defendant's argument that the government's motion to reconsider is procedurally barred.

In the motion for leave to file an amendment to his § 2255 motion, the defendant seeks to add three arguments to the contentions that he has previously raised. He wishes to add claims that (1) his appointed counsel was ineffective during the plea negotiations prior to the trial because she erroneously determined what sentence he would ultimately receive if he went to trial and was convicted; (2) the court failed to comply with Fed.R.Crim.P. 11 in allowing him to withdraw his motion for new trial; and (3) the court, at sentencing, erroneously denied him a reduction for acceptance of responsibility.

The defendant filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on April 9, 1997. On May 22, 1997, the court directed the government to file a response to the defendant's motion. The defendant subsequently filed an amended motion on June 6, 1997. On September 17, 1997 the court granted the defendant's motion in part and denied it in part. The court rejected the defendant's argument that his Fifth Amendment rights had been violated by the government's comments on his post-*Miranda* silence. The court, however, agreed with the defendant that his sentence of supervised release was in excess of that allowed by law. The court scheduled a hearing for resentencing. On September 25, 1997 the government filed a motion for reconsideration aimed at the court's ruling on the defendant's term of supervised release. A hearing on the government's motion eventually occurred on November 17, 1997. The defendant filed the instant motion for leave to file second amended application to set aside judgment and sentence pursuant to 28 U.S.C. § 2255 on November 13, 1997.

■ When deciding matters pertaining to § 2255 motions, this court must first look to The Rules Governing Section 2255 Proceedings in the United States District Courts. Although those rules do not specifically address motions to amend § 2255 petitions, Rule 12 states:

If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.

Since it is within the court's discretion to apply the Federal Rules of Procedure, the court shall do so and apply the provisions of Fed.R.Civ.P. 15(a) to the instant motion. Although Rule 15(a) governs amendments to pleadings and does not specifically pertain to amendments to pending motions, we believe that it should be applied here. *See Nunez v. United States,* 892 F.Supp. 528, 531 (S.D.N.Y.1995).

Fed.R.Civ.P. 15(a) provides, in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The decision on a motion to amend under Rule 15 lies within the discretion of the court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.*

■ The court finds that the instant motion must be denied. The defendant's motion comes far too late in the game. The defendant sought to amend after the court had decided the merits of his § 2255 motion. It did come prior to the conclusion of the matter since the government's motion for reconsideration did remain pending. Nevertheless, the defendant's motion came seven months after he filed his motion and after he had already amended the motion once. The

defendant offered no explanation for his delay in raising these issues. They are issues that do not concern new facts or new law. The defendant had ample opportunity to develop his habeas claims prior to the requested amendment. Untimeliness alone is a sufficient reason to deny leave to amend. *Hom v. Squire,* 81 F.3d 969, 973 (10th Cir.1996). In addition, the court finds that the granting of this motion would be futile. For the reasons subsequently stated, the court finds no merit to the arguments raised by the defendant.

■ The defendant initially suggests that he did not receive effective assistance of counsel because his counsel's plea negotiations were based on the erroneous assumption that he faced a mandatory life sentence if convicted of the charges in this case. The defendant asserts that he was deprived of "the right to enter a plea of guilty" due to his counsel's misunderstanding of the sentence that would be imposed upon him if convicted.

"The benchmark for judging any claim of ineffectiveness must be whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To obtain relief on an ineffective assistance of counsel claim, a defendant must satisfy a two-pronged test. First, he "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, he must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is a strong presumption that counsel provided effective assistance of counsel, and the defendant has the burden of proof to overcome that presumption. *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland,* 466 U.S. at 689. The reasonableness of the counsel's performance must be evaluated at the time of the alleged error. *Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). "For counsel's [decision] to rise to

the level of constitutional ineffectiveness, the decision ... must have been 'completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.'" *Hatch v. Oklahoma,* 58 F.3d 1447, 1459 (10th Cir.1995) (quoting *United States v. Ortiz Oliveras,* 717 F.2d 1, 4 (1st Cir.1983), *cert. denied,* 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996)). Neither hindsight nor success is the measure of the reasonableness of counsel's challenged conduct. *Hoxsie v. Kerby,* 108 F.3d 1239, 1246 (10th Cir.1997).

■ The court must initially note that we do not find that the defendant's counsel's representation fell below an objective standard of reasonableness concerning her view of the defendant's potential sentence. Defendant's counsel believed that the defendant faced a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A)(vii) if convicted. The court, the government and the probation office also had the same belief. The Tenth Circuit determined, however, that the defendant was not subject to the mandatory life sentence contained in 21 U.S.C. § 814(b)(1)(A)(vii) because the defendant was convicted of crimes involving phenyl–2–propanone (P2P), not methamphetamine. *United States v. Johnson,* 12 F.3d 1540, 1546–47 (10th Cir.1993), *cert. denied,* 516 U.S. 847, 116 S.Ct. 139, 133 L.Ed.2d 86 (1995). Given the circumstances, we do not find that defendant's counsel's representation was so deficient as to constitute ineffective assistance of counsel. Moreover, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon,* 4 F.3d 1567, 1570 (10th Cir.1993), *cert. denied,* 510 U.S. 1184, 114 S.Ct. 1236, 127 L.Ed.2d 579 (1994). Finally, the court is not persuaded that the defendant has adequately demonstrated prejudice. The defendant has only speculated that he might have entered a guilty plea if his counsel had understood the sentence that he faced. This rank speculation is simply insufficient to demonstrate prejudice, particularly where the defendant has consistently maintained his innocence from the outset of this case. In sum, the

court finds that this argument is wholly lacking in merit.

■ The defendant next contends that the court erred by failing to follow the dictates of Fed.R.Crim.P. 11 in allowing him to withdraw his motion for new trial. The defendant contends that the court should have determined that his "waiver of constitutional rights" was knowing, intelligent and voluntary.

The court shall provide some background so that the defendant's argument can be properly assessed. The defendant was convicted by a jury on September 22, 1992 of one count of conspiracy to distribute or possess with intent to distribute P2P and two counts of knowingly distributing or possessing with intent to distribute P2P. His co-defendant and brother Robert Johnson (Robert) was convicted only of conspiracy to distribute P2P. On December 2, 1992, Robert, proceeding *pro se,* filed a motion for new trial. In the motion he sought a new trial because his court-appointed counsel was ineffective. At sentencing, we denied Robert's motion as untimely under Fed.R.Crim.P. 33. We held that Robert's claims of ineffective assistance of counsel should have been raised within seven days of the verdict as required by Rule 33. On appeal, the Tenth Circuit determined that one allegation made by Robert was timely because it was "newly discovered evidence" under Rule 33. *Johnson,* 12 F.3d at 1548. Following remand, the defendant filed a motion for new trial. In this motion he sought a new trial because (1) information contained in the files of Robert's attorney had been leaked to a government witness (an argument also raised in Robert's motion for new trial), and (2) four defense witnesses had been threatened prior to trial by Rayburn Clark, the government's key witness.

The court subsequently determined that whether the defendant was entitled to a new trial on the allegations raised in Robert's motion must await a hearing. As to the second argument, we denied that aspect of his motion.

The hearing on the motions for new trial was scheduled for April 8, 1994. On that date, the parties reported to the court that

they had reached an agreement disposing of the motions. The defendant and the government had reached an agreement that provided the defendant would withdraw his motion for new trial, and in exchange the government would not oppose a sentence at the low end of an appropriately calculated guideline range. Based upon the representations of the parties, the court granted the defendant's motion to withdraw the motion for new trial and ordered the probation office to prepare a new presentence report for resentencing.

The defendant has provided no authority for the proposition that the dictates of Rule 11 must be complied with when the court considers a motion to withdraw a motion for new trial. By its express terms, Rule 11 applies only to guilty or nolo contendere pleas. Rule 11 does not apply to a waiver or withdrawal of a motion for new trial. The court has failed to discover any support for the defendant's contention. There is no constitutional right to file a motion for new trial. There is not even a constitutional right to file an appeal. *Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The court does not believe that it was necessary to fully question the defendant regarding the withdrawal of the motion for new trial. The court can and usually does rely upon the representations of counsel in considering a variety of matters, including requests for the withdrawal of motions. The representations made by defendant's counsel were adequate to allow the court to proceed.

■ Finally, the defendant has argued that he was erroneously denied a reduction for acceptance of responsibility at his resentencing on July 6, 1994. He asserts that he was improperly denied this reduction because he was denied the right to be interviewed during the preparation of the second presentence report.

On July 6, 1994 the court resentenced the defendant. The guideline range for the defendant was 130 to 162 months. The court sentenced the defendant to 162 months, the top of the guidelines. The court denied the defendant's request for an offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. In an order filed on July 8, 1994, the court explained its reasoning for

concluding that the defendant was not entitled to a reduction for acceptance of responsibility. The court also determined that the defendant was not interviewed by the probation office because defendant's counsel prevented the probation officer from interviewing defendant. The defendant appealed the court's sentence. On appeal, he argued that the court erred in not granting a two-level reduction for acceptance of responsibility. The Tenth Circuit rejected the defendant's argument and affirmed the defendant's sentence. *United States v. Johnson,* 56 F.3d 78 (10th Cir.1995), *cert. denied,* ——U.S.——, 116 S.Ct. 1020, 134 L.Ed.2d 100 (1996).

A § 2255 proceeding may not be used to challenge the legality of matters which should have been raised on direct appeal. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994). To overcome this procedural bar, the defendant must show cause for his failure to present the claim on direct appeal and prejudice resulting therefrom, or that a fundamental defect occurred which inherently resulted in a complete miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *United States v. Cook,* 997 F.2d 1312, 1320 (10th Cir.1993).

The defendant has made no showing why this issue—that he was denied the right to be interviewed for the presentence report—was not presented on direct appeal of his sentence. The court finds that the defendant is procedurally barred from presenting this issue. Nevertheless, even if we were to consider its merits, we would deny it. The court carefully considered the defendant's request for reduction for acceptance of responsibility. There is nothing that the defendant could have told the probation officer that would have changed the court's decision in light of the circumstances of this case. Accordingly, we find no error in the court's decision to deny the defendant acceptance of responsibility under § 3E1.1.

■ The court shall now turn to the procedural argument raised by the defendant concerning the government's motion to reconsid-

er. The defendant argues that the court should not consider this motion because it fails to meet the criteria for a motion to reconsider under D.Kan.Rule 7.3.

D.Kan.Rule 7.3 provides that a motion to reconsider "shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." The court is persuaded that the contentions raised by the government fall quite properly into the third category. Accordingly, the defendant's procedural argument must be rejected.

The court shall now turn to the merits of the motion to reconsider. Having carefully considered the evidence provided at the hearing on November 17, 1997, the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. On March 11, 1992 the defendant was indicted and charged with three counts. A superseding indictment was filed on April 8, 1992. A second superseding indictment was filed on June 18, 1992.

2. On June 19, 1992 counsel for the government or his agent produced separate informations for the defendant and for co-defendant Robert Johnson for enhancement purposes under 21 U.S.C. § 841(b)(1)(C) to the Clerk's Office in Topeka, Kansas. The originals and several copies were produced for filing. All of the originals and the copies were file stamped. The file stamp shows that they were filed at 10:32 a.m. The original of Robert's information was placed in the court file as Document No. 83. The original of the defendant's information was either erroneously returned to the government or lost in the Clerk's Office after it was file stamped. It was never placed in the court file. Some copies of these informations were retained and others were returned to the government.

3. Copies of all documents filed in the Clerk's Office are provided to the judge handling the particular case. The court has not discovered a copy of the information for the defendant in its file.

4. The government served copies of the informations to the attorneys for the defendant and for Robert. The defendant's counsel received the information prior to trial. The defendant was made aware of the information prior to trial.

## CONCLUSIONS OF LAW

1. In order to obtain a sentence enhancement under 21 U.S.C. § 841, the government must comply with 21 U.S.C. § 851. Section 851(a)(1) provides as follows:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

2. The purpose of the government filing an information under § 851 is to notify the defendant "of its intention to enhance a defendant's sentence if convicted." *United States v. Gonzalez–Lerma*, 71 F.3d 1537, 1540 (10th Cir.1995), *cert. denied*, 517 U.S. 1114, 116 S.Ct. 1341, 134 L.Ed.2d 490 (1996). In order to comply with § 851, the United States must file an information with the court "stating in writing the previous conviction to be relied upon." *Id.*

3. In criminal cases, the filing of papers is governed by the Federal Rules of Civil Procedure. Fed.R.Crim.P. 49(d). The Federal Rules of Civil Procedure provide as follows: "The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk." Fed.R.Civ.P. 5(e).

4. Filing under Rule 5(e) requires delivery of papers into the actual custody of the Clerk. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101–02 (5th Cir.1995) (pleading deemed filed when placed in possession of court clerk); *In re Toler*, 999 F.2d 140, 141–42 (6th Cir.1993) (filing takes place when

documents are tendered to court clerk); *United States v. White*, 980 F.2d 836, 844–45 (2nd Cir.1992) (filing occurs when papers delivered to actual custody of court clerk).

5. The government complied with the requirements of Rule 5(e) by delivering the original of the defendant's information into the custody of the Clerk for filing. The Clerk's subsequent failure to actually file the document has no effect on the validity of filing. 1 Moore's Federal Practice, § 5.30(1)(a)(ii) (3d ed.1997); *see also Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir.1990) (receipt of Title VII complaint constituted filing even though clerk did not actually file it within limitations period), *cert. denied*, 498 U.S. 1086, 111 S.Ct. 962, 112 L.Ed.2d 1049 (1991). Thus, the information here was "filed" under the provisions of Rule 5(e) since it was delivered to the custody of the court clerk even though it was never actually placed in the court record.

6. Accordingly, the court shall reconsider its ruling of September 17, 1997 and vacate that portion of the order that granted the defendant's § 2255 motion. The court finds that the government complied with the provisions of 21 U.S.C. § 851(a) in "filing" an information with the Clerk's Office prior to trial. The court's enhancement of the defendant's term of supervised release was therefore proper. With this ruling, the court denies the defendant's § 2255 motion in its entirety.

**IT IS THEREFORE ORDERED** that the government's motion to reconsider (Doc. # 409) be hereby granted. The portion of the court's order of September 17, 1997 granting the defendant's § 2255 motion is hereby vacated. The court concludes that the term of supervised release imposed upon the defendant was proper.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file second amended application to set aside judgment and sentence pursuant to 28 U.S.C. § 2255 (Doc. # 428) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 377 and 387) be hereby denied.

**IT IS SO ORDERED.**